ARIS BROWN v. R. L. CRENSHAW et als.

ATTACHMENT. *Allegation.* A simple apprehension and belief that the defendant is about fraudulently to dispose of his property, is not sufficient ground for an attachment. The law requires the allegation of an act accomplished or about to be accomplished, as a matter of fact, and not as matter of mere apprehension.

Code cited: sec. 3455, sub. sec. 6.

Cases cited: *Jackson* v. *Burke,* 4 Heis., 610; *Lester* v. *Cummings,* 8 Hum., 385.

---

FROM WILLIAMSON.

---

Appeal from Chancery Court. WM. F. COOPER, Ch.

CAMPBELL, McEWEN and BULLOCK for plaintiff.

WM. HOUSE for defendant.

SNEED, J., delivered the opinion of the court.

This is an attachment bill, and it was dismissed below because it does not sufficiently charge any ground for an attachment. The charge is that the complainant has reason to apprehend, and does apprehend and believe, that the defendant is about fraudulently to dispose of his property. In such a case we must hold with the Chancellor that the ground alleged is insufficient. The statute in such case authorizess an attachment when the defendant has either fraudulently disposed of his property, or is about to do so. Code, sec. 3455, sub. sec. 6. The bill or affidavit must allege an existing fact, or anything about to be done. In *Jackson* v. *Burke,* 4 Heis., 610, it is said that

"the mere opinion of the complainant that the defendant will do a fraudulent act does not import that he is about to do it." The law requires the allegation of an act accomplished or about to be accomplished, as a matter of fact, and not a matter of mere apprehension. The cause of attachment relied on in this case was created by the act of 1851, ch. 365, sec. 10. Under the act of 1836, ch. 43, which awarded an attachment when the defendant was about to remove his property beyond the jurisdiction of the State, the court held in *Lester* v. *Cummings*, 8 Hum., 385, that the allegation that the complainant was informed and believed that defendant was about to remove his property beyond the jurisdiction of the State was sufficient. The case goes to the verge of the law, and we cannot push the construction further. In that case the complainant alleges that he had information on the subject. This case is not relieved by the averment of any personal knowledge or information as to the defendant's intention; but the complainant simply apprehends and believes the fact to be so. If the defendant should undertake to traverse such a charge, how could he do so when no fact is charged, but a mere apprehension, which may be a phantom, if not a mere figment of the brain?

Affirm the judgment.